FILED
CLERK
9:59 am, Sep 30, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALBERT RIZZI,

                        Plaintiff,

        -against-

HILTON DOMESTIC OPERATING
COMPANY, INC.

                       Defendant.
-------------------------------------------------------------X

**ORDER**
**18-CV-1127(SJF)(ARL)**

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiff Albert Rizzi ("plaintiff" or "Rizzi") to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated July 18, 2019 ("the Report"), recommending, *inter alia*, that the motion of defendant Hilton Domestic Operating Company, Inc. ("defendant"), seeking to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction be granted; that plaintiff's claims pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.*, be dismissed in their entirety without prejudice for lack of standing; that plaintiff be granted leave to file a third amended complaint; and that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. For the reasons set forth below, plaintiff's objections are overruled and the Report is accepted in its entirety.

I. Discussion

   A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at

particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections

Initially, plaintiff's general objections to the Report, (*see, e.g.* Plaintiff's Objections to the Report ["Plf. Obj."] at p. 1 ["All of the Magistrate's recommendations were based on errors of fact and are contrary to law"]; and p. 10 [objecting "to the error of fact and recommendations that are contrary to law in the . . . Report"]); and mere reiterations of the arguments in his original papers that were fully considered, and rejected, by Magistrate Judge Lindsay, are insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)." (quotations, alterations and citations omitted)); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation was insufficient to obtain *de novo* review). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

3

Plaintiff contends, *inter alia*, the Magistrate Judge Lindsay erred: (i) "in determining that [he] lacked standing because of the alleged failure to allege 'a plausible intention or desire' to return[,]" (Plf. Obj. at p. 6), based upon his failure to plead "which website he will return to in the future[,]" (*id.* at p. 5); (ii) in "read[ing] [his] affidavit . . . in a vacuum" and finding that it was conclusory for failing to "specifically set forth which websites," (*id.* at p. 6), and, thus, failed to plausibly allege a concrete and particularized injury in fact, since the year in which plaintiff started encountering the issues in question, and the websites of defendant at issue in this action "are specifically stated in the complaint," (*id.*); (iii) in applying "the law improperly and neglect[ing] to consider that standing conferred as to one issue gives standing as to all issues[,]"[1] (*id* at p. 8); (iv) in recommending that plaintiff "be afforded one final opportunity to replead specifically identifying which of the websites [he] visited and precisely the difficulty he encountered with each one[,]" (Report at p. 12), since "the repleading of the complaint is . . . unnecessary[,]" (Plf. Obj. at p. 10); and (v) in recommending "that the websites that don't have anything to do with Hotel reservations be dismissed" because "[t]he complaint and affidavit makes [sic] it clear that the 'websites' were inaccessible[,]" and "[i]t would not be unusual for a blind person surfing the web to go to a corporate or other Hilton site to try to navigate his/her way around to get to the appropriate site for reservations or try to ascertain the accessibility of other Hilton websites." (*Id.*).

Upon *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, all motion papers and the entire record, and consideration of plaintiff's objections to the Report and defendant's response thereto, plaintiff's objections are overruled and the Report is accepted in its entirety.

---

[1] Plaintiff's second and third objections do not relate to the Hilton Corporate Website and the HGV Website. (*See* Plf. Obj. at p. 6(b) [referring to "the remaining four websites" identified in the SAC]).

4

As properly indicated in the Report, in order to have standing to pursue a claim seeking injunctive relief under Title III of the ADA, the complaint must contain sufficient factual allegations from which it may reasonably be inferred: (i) that the plaintiff suffered a "past injury under the ADA[;]" (ii) that the "discriminatory treatment would continue;" and (iii) that the plaintiff "intended to return to the subject location" in the future. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013); *accord Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008).

1. Real and Immediate Threat of Future Harm

Magistrate Judge Lindsay correctly found that the allegations in plaintiff's SAC and affidavit, even when read "in conjunction," (Plf. Obj. at p. 5), are too conclusory and are insufficient to state a plausible claim that he intends or desires to return to any particular website of defendant in the future. Moreover, plaintiff's contention that "the level of specificity the Magistrate requires are specifics that will become apparent in discovery[,]" (*id.*), is disingenuous. Plaintiff does not need discovery to ascertain information of which he, himself, should have personal knowledge, *i.e.*, to which of the many websites of defendant he intends or desires to return in the future. Indeed, the fact that plaintiff is apparently unable to identify any particular website of defendant to which he intends or desires to return supports finding that his professed, and conclusory, intent or desire to return to "Defendant's websites," is illusory.

Furthermore, contrary to plaintiff's contention, Magistrate Judge Lindsay did not "overlook the fact that [he] sets forth specific dates of travel to specific HILTON properties and that he intends to return to HILTON properties in the future for his business travels." (Plf. Obj. at p. 5). Indeed, the Report specifically addresses, *inter alia*, plaintiff's assertions in that regard,

5

(*see* Report at p. 14 [citing, *inter alia*, Rizzi Aff., ¶ 13]); *see also Id.* at p. 8-9 [citing Rizzi Aff., ¶¶ 8-12]), but finds that they "fail to establish a 'plausible intention or desire' to return to the websites because Plaintiff fails to identify which website he intends to return to." (*Id.*). This Court agrees. Accordingly, plaintiff's objections to so much of the Report as recommends that this Court find that he "failed to adequately allege a 'plausible intention or desire' to return to each of the websites in question because [he] once again failed to allege which website he plans to return to and therefore lacks standing[,] . . ." (Report at 15), are overruled; and that branch of the Report is accepted in its entirety.

2. Concrete and Particularized Injury in Fact

Contrary to plaintiff's contention, Magistrate Judge Lindsay considered plaintiff's allegations in both the SAC and his affidavit, (*see, e.g.* Report at pp. 7-9) (citing SAC, ¶¶ 24, 26 and 60; and Rizzi Aff., ¶¶ 7-13), but found, *inter alia*, that plaintiff "has not alleged a concrete and particularized injury resulting from the use of a specific website" because he "nowhere identifies which of the websites he visited prior to booking his reservations[;] . . . does not allege any visits to an Embassy Suites or a Conrad hotel, despite claiming that these websites are not ADA compliant[;] . . . [and] offers nothing in response to Defendant's motion to dismiss to further support his claim but simply repeats the conclusory statement that he visited Defendant's 'website' with out [sic] identifying which one." (Report at p. 9). This Court agrees.

Moreover, since plaintiff has not established standing with respect to even one (1) issue, Magistrate Judge Lindsay did not improperly apply the law in that regard. Accordingly, plaintiff's objections to so much of the Report as recommends that his ADA claims pertaining to "the remaining four websites" be dismissed for lack of standing because he failed to plausibly

6

allege that he suffered a concrete and particularized injury are overruled; and that branch of the Report is accepted in its entirety.

Plaintiff's objection to so much of the Report as recommends that plaintiff's ADA claims relating to the Hilton Corporate Website and the HGV Website be dismissed because plaintiff lacks standing to pursue to those claims is without merit and overruled; and that branch of the Report is accepted in its entirety.

C.  Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety.

IV.  Conclusion

Accordingly, for the reasons set forth above, plaintiff's objections are overruled; the Report is accepted in its entirety; and, for the reasons set forth therein, defendant's motion to dismiss plaintiff's ADA claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted; plaintiff's ADA claims are dismissed in their entirety for lack of standing; plaintiffs' state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3);

and plaintiff is granted leave to file a third amended complaint in accordance with the Report, *provided* that plaintiff serve and file the third amended complaint **by no later than October 31, 2019**, or he will be deemed to have waived his right to file a third amended complaint.[2]

SO ORDERED.

                                            /s/ *Sandra J. Feuerstein*
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: September 30, 2019
       Central Islip, New York

---

[2] In the event plaintiff files a third amended complaint which states a plausible federal claim over which this Court has original jurisdiction, he may replead his state law claims as well.