FILED
CLERK
3:51 pm, Oct 23, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALBERT RIZZI,

                       Plaintiff,

      -against-

HILTON DOMESTIC OPERATING
COMPANY, INC.

                      Defendant.
-------------------------------------------------------------X

ORDER
18-CV-1127(SJF)(ARL)

FEUERSTEIN, District Judge:

       Pending before the Court are the objections of plaintiff Albert Rizzi ("plaintiff" or "Rizzi") to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated August 11, 2020 ("the Report"), recommending, *inter alia*, that the motion of defendant Hilton Domestic Operating Company, Inc. ("defendant"), seeking to dismiss plaintiff's third amended complaint ("TAC") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction be granted; that plaintiff's claims pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq.*, be dismissed in their entirety for lack of standing and mootness, without leave to file a fourth amended complaint; and that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. For the reasons set forth below, plaintiff's objections are overruled and the Report is accepted in its entirety.

I.      Discussion[1]

      A.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[]

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal."). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Moreover, "[a] district court need not entertain new grounds for relief or additional legal arguments that were not before the magistrate judge." *Sampson v. Saul*, No. 19 Civ. 6270, 2020 WL 6130568, at *3 (S.D.N.Y. Oct. 16, 2020); *see also Trustees of Metal Polishers Local 8A-28A Funds v. Nu Look Inc.*, No. 18-cv-3816, 2020 WL 5793204, at *3 (E.D.N.Y. Sept. 29, 2020) ("[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-cv-3351, 2020 WL 1900502, at *4 (S.D.N.Y. Apr. 17, 2020) ("The Court need not consider arguments and factual assertions that were not raised initially before the magistrate judge.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.     Objections

Initially, the Court does not consider plaintiff's new legal arguments that were not made before Magistrate Judge Lindsay, *e.g.*, that "[t]he Magistrates [*sic*] reasoning and analysis and conclusions were erroneous and in clear error because where the jurisdiction and merits are intertwined, as is the case here, when a statute provides the basis for both the subject matter

3

jurisdiction and plaintiff's substantive claim," (Plaintiff's Objections to the Report ["Plf. Obj."] at 8); and that Magistrate Judge Lindsay erred in not applying a summary judgment standard "when a jurisdictional motion involves factual issues which also pertain to merits,"[2] (*Id.* at 9). *See, e.g. Nu Look*, 2020 WL 5793204, at *3; *Aquavit*, 2020 WL 1900502, at *4. Moreover, plaintiff's general objections and mere reiterations of the arguments in his original papers that were fully considered, and rejected, by Magistrate Judge Lindsay, are insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)."); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation was insufficient to obtain *de novo* review). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred: (i) in finding that the TAC fails to plead facts sufficient to establish that he suffered a concrete and particularized injury and, thus, that his ADA claims should be dismissed for lack of standing; (ii) in applying "a less stringent test in determining mootness," (Plf. Obj. at 1; *see also Id.* at 8-9); and (iii) in "accept[ing] as wholly true a declaration by a paid expert," who never (A) "declared that the

---

[2] In any event, plaintiff's contentions are without merit. Although a summary judgment standard should be employed "[w]here jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits," *London v. Polishook*, 189 F.3d 196, 198-99 (2d Cir. 1999), in this case, "the notion of 'intertwining,' in a sense that would then trigger the application of summary judgment standards against the party challenging subject matter jurisdiction, is not at work," *id.*, since the resolution of the jurisdictional issue is not tied to the ultimate resolution of the merits of plaintiff's ADA claims. Where, as here, "a bona fide dispute is raised as to the presence of federal jurisdiction it is the affirmative burden of the party invoking such jurisdiction . . . to proffer the necessary factual predicate-- not simply an allegation in a complaint-- to support jurisdiction." *Id.*

4

websites at issue were up to WCAG 2.0AA standards,"[3] or (B) "disputes that the alleged errors in the complaint which lead to inaccessibility of the various Hilton websites at issue in this case, occurred while the same safe guard [*sic*] were in place as there are currently." (*Id.* at 9-11).

Upon *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, all motion papers and the entire record, and consideration of plaintiff's objections to the Report and defendant's response thereto, plaintiff's objections are overruled and the Report is accepted in its entirety.

1. Standing

Contrary to plaintiff's contention, Magistrate Judge Lindsay's interpretation of *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013), is correct. As indicated in the Report, *Kreisler* held, in relevant part:

> "To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. . . . Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a real and immediate threat of repeated injury. . . . In the ADA context, we have previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location."

*Id.* at 187-88. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d

---

[3] The Web Content Accessibility Guidelines version 2.0 AA ("WCAG 2.0 AA") is a set of private website accessibility standards developed by the Worldwide Web Consortium (W3C). However, the DOJ never promulgated final ADA regulations adopting those accessibility standards. Neither the ADA nor its regulations require websites to comply with the WCAG 2.0 AA website accessibility standards.

5

635 (2016). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.*

Contrary to plaintiff's contention, Magistrate Judge Lindsay did not "overlook[] several paragraphs" in the TAC, (Plf. Obj. at 4); indeed, the Report specifically addresses all of the paragraphs plaintiff contends were overlooked. (*See* Report at 2-3, 7-8). After considering all of the allegations in the TAC, together with the assertions in plaintiff's affidavit in opposition to the motion, Magistrate Judge Lindsay correctly found, *inter alia*, that plaintiff's allegations are conclusory, since plaintiff does not specify which of the alleged programming errors in the websites he personally encountered nor provide an explanation of how any of those alleged programming errors posed an obstacle to his access to the websites, and, thus, are insufficient to establish that he suffered a concrete and particularized injury in fact so as to confer standing under Article III of the ADA.

Moreover, nowhere does the Report indicate that plaintiff's affidavit in response to the motion "only contains statements relative to January 2020." (Plf. Obj. at 8). Rather, it may reasonably be inferred from the entirety of the Report that Magistrate Judge Lindsay properly considered the entirety of the affidavit and discounted those assertions that were merely reiterations of the same conclusory allegations of inaccessibility contained in the TAC, which are insufficient to establish constitutional standing.

Accordingly, plaintiff's objections to so much of the Report as recommends granting the branch of defendant's motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeking to dismiss plaintiff's ADA claims in the TAC for lack of standing, and dismissing plaintiff's ADA claims in the TAC without leave to file a fourth amended complaint, are overruled, and that branch of the Report is accepted in its entirety.

    2.  Mootness

  Contrary to plaintiff's contention, Magistrate Judge Lindsay applied the proper legal standard for mootness, *i.e.*, that "[t]he voluntary cessation of allegedly illegal activity may render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010), and correctly found that defendant met its "heavy burden" of establishing that subsequent events have made it "absolutely clear" that the challenged conduct cannot "reasonably be expected to recur" and, thus, that this case is moot.[4] *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *see also Federal Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126-27 (2d Cir. 2020) ("Defendants . . . cannot automatically moot this case simply by ending their unlawful conduct once sued. . . . Instead, they must show that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.")

  Moreover, plaintiff's objections to Magistrate Judge Lindsay's reliance upon defendant's expert's declaration are without merit. Accordingly, plaintiff's objections to so much of the Report as recommends granting the branch of defendant's motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeking to dismiss plaintiff's ADA claims in the TAC for mootness are overruled, and that branch of the Report is accepted in its entirety.

---

[4] Indeed, as noted by defendant, plaintiff quoted this very standard in his opposition brief. (*See* Plf. Opp. at 7 ["'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). 'The "heavy burden of persuading" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.' *Friends of the Earth, Inc.*, 528 U.S. at 189."]). Plaintiff cannot now object to the application of a legal standard that he, himself, advanced in his opposition to defendant's motion.

    C.    Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety.

II.    Conclusion

Accordingly, for the reasons set forth above, plaintiff's objections are overruled; the Report is accepted in its entirety; and, for the reasons set forth therein, defendant's motion to dismiss plaintiff's ADA claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted; plaintiff's ADA claims are dismissed in their entirety for lack of standing and mootness, without leave to file a fourth amended complaint; and plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

                                                              /s/ *Sandra J. Feuerstein*
                                                             Sandra J. Feuerstein
                                                             United States District Judge

Dated: October 23, 2020
        Central Islip, New York